**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4166

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

EDDIE THOMASSON, a/k/a Lil Cuz,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:19-cr-00395-D-18)

Submitted: September 19, 2025                              Decided: October 2, 2025

Before NIEMEYER, GREGORY, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. W. Ellis Boyle, United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eddie Thomasson appeals the district court's judgment revoking his supervised release and imposing a sentence within his policy statement range of nine months in prison with no further supervised release. On appeal, he contends that his revocation sentence is plainly unreasonable, and the district court substantively erred by rejecting his request to be continued on supervision and permitted to live with his girlfriend. We affirm.

"A sentencing court has broad discretion to impose a revocation sentence up to the statutory maximum." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020). "'This Court will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable.'" *United States v. Campbell*, 102 F.4th 238, 239-40 (4th Cir. 2024). "First, we determine whether the sentence was procedurally or substantively unreasonable, taking 'a more deferential appellate posture than we do when reviewing original sentences.'" *United States v. Rios*, 55 F.4th 969, 973 (4th Cir. 2022).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "A sentence is substantively reasonable 'if the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed.'" *United States v. Amin*, 85 F.4th 727, 740 (4th Cir. 2023). This Court presumes that a sentence within the policy statement range is reasonable. *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013).

"Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is 'clear' or 'obvious.'" *Patterson*, 957 F.3d at 437. "And even if a revocation sentence is plainly unreasonable, we will still affirm it if we find that any errors are harmless." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017).

On appeal, Thomasson argues that his sentence within his policy statement range is plainly unreasonable, and the district court substantively erred by rejecting his request to be continued on supervision and permitted to live with his girlfriend. We have reviewed the record and conclude that his sentence is procedurally and substantively reasonable.

After considering the policy statement range and the arguments made by Thomasson and his counsel, the district court adequately explained its decision to reject his request for continued supervision and impose a sentence within his policy statement range. The court found that he had breached the court's trust by using controlled substances repeatedly after his release and by his termination from the treatment program that was intended to help him. It further determined his proposed housing arrangement with his girlfriend was less stable than his prior living situation with his mother; and it credited the probation officer's opinion that continued supervision would not be successful or helpful. We conclude that the totality of the circumstances indicates that the district court had a proper basis for its conclusion that Thomasson should receive the sentence imposed; and he has not rebutted the presumption that his sentence within his policy statement range is reasonable.

Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*